**Talia Y. Guerriero, OSB No. 115271**
talia@oregonworkplacelaw.com
**Robert Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia Street, Suite 1850
Portland, OR 97204
Phone: (503) 459-4010
Fax:    (503) 512-5022

*Of Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KIMBERLEY ALCANTRA,** | Case No.: 6:22-cv-00409 |
| Plaintiff, | |
| v. | **COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES** |
| **MARION COUNTY SCHOOL DISTRICT 24J d.b.a. SALEM-KEIZER SCHOOL DISTRICT 24J**, an Oregon municipal corporation; **PAUL RAINES**, an individual; and **DAVID HUGHES**, an individual; | Sex Discrimination and Hostile Work Environment – 42 U.S.C. § 2000e-2(a) (Title VII) and ORS 659A.030; Retaliation for Opposing Sex Discrimination – 42 U.S.C. § 2000e–3 and ORS 659A.030(1)(f); Retaliation for Whistleblowing – ORS 659A.199 and ORS 659A.203; Aiding and Abetting – ORS 659A.030(1)(g); Assault and Battery; Crime of Intimidation; Negligent Hiring, Supervision, and Retention; Deprivation of Right to Equal Protection – 42 U.S.C. § 1983 |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

The Marion County School District 24J d.b.a. Salem-Keizer School District 24J ("SKSD") has empowered systemic and institutional sexism and sexual harassment in the historically male-dominated custodial services field and placed these female custodians in vulnerable and dangerous situations. SKSD has made egregious choices over the years, allowing and perpetuating a sexually hostile work environment in violation of its own policies - by neither properly investigating this behavior nor sending strong messaging condemning it.

Instead, SKSD has engaged in a practice of transferring the female custodians who report harassment and retaliation instead of following up with appropriate disciplinary and training measures designed to prevent and promptly correct the harassing behavior as required by law. The effect is that the District has retaliated against the female custodians and rewarded the male offenders for years.

Those poor choices directly resulted in the physical assault of Ms. Kimberley Alcantra on April 22, 2021, for which the only public consequence to a well-known offender was that he was allowed to graciously leave employment, with Defendant David Hughes wishing him "the best in his future" and expressing a public appreciation for "the contribution he made to [the] team."

Plaintiff KIMBERLEY ALCANTRA ("ALCANTRA") for her complaint against SALEM-KEIZER SCHOOL DISTRICT, an Oregon Public School District authorized and chartered by the laws of the State of Oregon ("SKSD"), PAUL RAINES ("RAINES"), an individual, and DAVID HUGHES ("HUGHES"), an individual, alleges as follows:

//

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

## JURISDICTION & PARTIES

1.

This Court has jurisdiction over Alcantra's federal claims under 28 U.S.C. § 1343 and 28 U.S.C. § 1331; and 42 U.S.C. §§2000e-5(f)(3). This Court also has supplemental jurisdiction over Alcantra's state claims pursuant to 28 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

2.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391 because at least one of the Defendants resides herein.

3.

Defendant SKSD is a subdivision of the Marion County government and is organized under the laws of the State of Oregon. The County is responsible for ensuring that all its facilities, systems and departments, including SKSD, comply with federal and state discrimination laws, and the Constitution of the United States of America.  SKSD is liable for the tortious conduct of its agents and employees pursuant to ORS 30.265(1). SKSD is a "public employer" for purposes of ORS 659A.203 and is a "person" and an "employer" as defined by ORS 659A.001.  The County is a "person" for purposes of 42 U.S.C. § 1983.

4.

At all material times, SKSD maintained its principal place of business in Marion County and conducted regular and sustained business activities in Marion County.

5.

Defendant Paul Raines is a resident of Clackamas County, Oregon and Defendant David

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

Hughes is a resident of Marion County, Oregon.

6.

SKSD is an "employer" and Raines and Hughes are "agents" for purposes of Title VII and ORS Chapter 659A.

7.

At all material times, Alcantra was supervised by SKSD's employees or agents, including Raines and Hughes, and Plaintiff relied on the actual or apparent authority of SKSD's employees, supervisors and management.

8.

Alcantra served Defendant notice of her intent to sue pursuant to ORS 30.275 on or around October 1, 2021.

9.

Alcantra filed timely claims with the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein. Alcantra has closed the administrative matters and been or will be issued a notice of right to sue from the EEOC and has timely filed this matter within the time limits of the right to sue. Alcantra has therefore exhausted administrative remedies.

## FACTUAL ALLEGATIONS

10.

In or around July of 2017, SKSD hired Alcantra to work as a Custodian.

11.

Throughout Alcantra's employment with SKSD, several male management-level

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

custodians, including Romualdo Velazquez, Christopher Bartruff, and Dickey Alfred, frequently made sexual advances, requests for sexual conduct, sexual comments, comments about her appearance, and other verbal and physical conduct of a sexual nature.

12.

In 2017-2019, Alcantra worked at the North High School location reporting to management-level employees Velazquez (Lead Custodian) and LeRoy Crouch (Field Coordinator). As Field Coordinator, Crouch maintained a significant number of management duties, including supervising the Lead Custodians, managing schedules, recommending discipline, providing feedback, and receiving complaints. As Lead Custodian, Velazquez also maintained a significant number of management duties, including supervising and directing daily activities of and training custodians.

13.

During the fall of 2019, Velazquez was Alcantra's acting and apparent supervisor. Shortly after Alcantra started, Velazquez subjected Alcantra to a sexually hostile work environment. Velazquez's sexually charged behavior, included leering at Alcantra while she worked late in the evenings without many – or any – other people around.

14.

In response to Velazquez's inappropriate behavior, Alcantra made a complaint to Crouch. In response SKSD involuntarily transferred Alcantra to Judson Middle School, but - upon information and belief - did not take any investigatory or disciplinary action against Velazquez. Instead, SKSD left Velazquez in a supervisory role with another female employee during the late hours.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

15.

Six months after Alcantra was transferred, another female employee complained about Velazquez to Alcantra. Alcantra reported the behavior, and Marc Collins (Area Supervisor) responded that he would report it to Defendant Paul Raines (Custodial Manager). Mr. Collins also stated that this was not the first complaint about Velazquez.

16.

Upon information and belief, Defendants Raines and David Hughes (Direct of Custodial, Property, & Auxiliary Services) were aware of the complaints, yet SKSD did not take any investigatory or disciplinary action against Velazquez. Instead, SKSD transferred the other female employee to a different school. Velazquez remained the Lead Custodian at North High School and continued to supervise young women over the years to date.

17.

Upon information and belief, several other female custodians who have complained about or experienced discrimination or harassment have been transferred and there have been no significant consequences to the offenders or other remedial action. Under Hughes' leadership, dissemination and enforcement of sexual harassment training materials have become more limited in scope.

18.

During Spring of 2020, Dickey Alfred became Alcantra's Field Coordinator at South High School. Alfred was Alcantra's acting and apparent supervisor. Alfred maintained a significant number of management duties, including managing schedules, recommending discipline, providing feedback, and receiving complaints. Alfred subjected Alcantra to a sexually

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

hostile work environment. Alfred frequently made sexual advances towards Alcantra, including, but not limited to the following:

    a.   staring at Alcantra;

    b.   touching and squeezing Alcantra's arms and shoulders;

    c.   making comments to Alcantra about her body;

    d.   making comments to Alcantra about his own body; and

    e.   cornering Alcantra in rooms alone.

19.

Alcantra reported to Alfred that his behavior was unwelcome and harassing but he continued nonetheless. Alcantra did not initially feel safe reporting Alfred's behavior any further up the chain of command due to the previous experience she and others had with the District retaliating against then for reporting harassment.

20.

SKSD employed Christopher Bartruff as its Lead Custodian in the fall of 2020 at McKay High School. Bartruff reported to Alfred, SKSD's Field Coordinator for that site. During the fall of 2020, Bartruff and Alfred were Alcantra's acting and apparent supervisors.

21.

In February and March of 2021, Bartruff also began harassing Alcantra at McKay High. Bartruff subjected Alcantra to a sexually hostile work environment. Bartruff frequently made sexual advances towards Alcantra, including flirting with her, asking her personal questions in front of people about who she was dating, and staring at her with lewd expressions on his face. Alcantra reported to Bartruff that his behavior was unwelcome and harassing, but he retaliated

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

against her in response by speaking poorly about her and telling others to "watch" her. Bartruff's friends also became mean towards Alcantra and Bartruff unexpectedly gained access to her personal paperwork regarding her medical leave.

22.

The behavior became so bad that Alcantra reported Bartruff's behavior to Dickey, who responded by telling her to ignore it.

23.

During the fall of 2020, Alcantra's union conducted and presented a survey to District management complaining about the retaliatory environment under Hughes' leadership and reporting that thirty-nine percent (39%) of survey respondents did not believe they could report a suspected violation of policies, rules, or regulations without being retaliated against, and fifty-six percent (56%) of respondents indicated that Hughes does not treat employees fairly. The District failed to properly address these concerns.

24.

Many employees observed and commented on Alfred's inappropriately flirtatious and sexual behaviors in the workplace, such as caressing women's arms and shoulders. However, SKSD did nothing to intervene or discipline Alfred. Raines and Hughes contributed towards maintaining this hostile work environment for women by failing to properly monitor the employees, ignoring obvious grooming behaviors and specific complaints, transferring the female employees, and allowing the behavior to continue unchecked.

25.

During Spring of 2021, Alfred's sexually charged behavior towards Alcantra started to

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

escalate. Alfred made several sexually explicit comments, including but not limited to:

 a. commenting on how Alcantra's "ass" looks;

 b. telling Alcantra his thoughts on her "good looks" in general;

 c. telling Alcantra she is trying to "be pretty for him"; and

 d. telling Alcantra that she intentionally dropped paper on the floor because she "just wants to see [him] bend over."

26.

On or around April 22, 2021, in the course of performing job duties, Alcantra asked Alfred to turn off a light. Alfred refused to do it and forced her instead to go around him to turn off the light. As Alcantra walked around him, she had to face away from him in order to flip the switch. As she was turning off the light, Alfred grabbed her forcefully by the hips, shoved his pelvis into her backside, and placed his cheek on her shoulder. Horrified, Alcantra jerked away quickly and told him not to do that.

27.

Even though Alcantra reported to Alfred that his behavior was unwelcome, he failed to report it to anyone at SKSD. Instead, Alfred continued to make verbal comments and attempts to touch Alcantra. Alcantra continued to live in fear, attempting avoid Alfred as much as possible.

28.

In late June or early July of 2021, Alcantra told Crouch, her previous field coordinator, that she would rather report to him because she was uncomfortable reporting to Alfred due to his behavior. During this conversation, Crouch told Alcantra that other SKSD female employees were complaining about Alfred as well. Unsurprisingly, nothing was being done and, even after

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

this discussion with Crouch, no one at SKSD followed up with Alcantra about Dickey's behavior.

29.

On or around July 23, 2021, Defendant Raines, SKSD's Custodial Service Manager, questioned West Salem High School's Lead Custodian, Aaron Scott ("Scott"), about Alcantra. Raines did not approach nor question Alcantra before he approached Scott. Scott told Raines that other women had complained about Alfred, too. Despite gathering this information, SKSD did not immediately intervene nor prevent Alfred from continuing to work in the same building as Alcantra or other female custodians.

30.

Throughout Summer of 2021, on July 27, August 3, and August 6, Alfred showed up to Alcantra's building unannounced without any work-related purpose. Alcantra was extremely intimidated by Alfred's presence.

31.

It was not until approximately August 5, 2021 that Alcantra heard from SKSD. Erin Hanks in SKSD's human resources department sent Alcantra an email announcing that the District had become aware that she "may be a victim of sexual harassment."

32.

Even after this email was sent to Alcantra, SKSD failed to protect Alcantra from Alfred. On or around August 10, 2021, at least 5 days after this email was sent, Alfred appeared at Alcantra's worksite unannounced. Alfred drove in circles around the parking lot where Alcantra was parked, despite him not having any work-related reason to be there, called her, and came

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

into the building specifically asking other employees about Alcantra's whereabouts. The continued contact from Alfred caused Alcantra great fear for her physical and emotional safety.

33.

Defendant Hughes emailed the SKSD custodial team on or around September 20, 2021 and stated: "We need to let everyone know Dee Alfred is no longer working with us. We wish Dee the best in his future and appreciate the contribution he made to our team." The underlying message of support towards Alfred is part of the continued pattern of supporting and maintaining a hostile work environment.

34.

SKSD had not addressed Alfred's behavior and the importance of strict adherence to discrimination and retaliation policies. In fact, SKSD employee guidebook on policies and rules for "Preventing Sexual Harassment" that was distributed prior to Defendant Hughes' leadership details "examples of supervisory and co-worker behavior that can constitute sexual harassment". These examples include almost every interaction that Alcantra was subjected to, including:

    a.   questions about an employee's private sexual life or activities;

    b.   talking about or call attention to another employee's body or sexual characteristics in a negative or embarrassing way;

    c.   suggestive "compliments" about a person's figure or clothing;

    d.   obscene and lewd sexual comments, jokes, suggestions, innuendos;

    e.   physical contact such as hugging, kissing, pinching, touching; and

    f.   continuing certain behaviors after a co-worker has objected to that behavior.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

The guidebook also defines examples of supervisory behavior which may result in **liability for sexual harassment**, including "*ignoring harassment performed by others* and repeated acts after initial warnings." (emphasis added). Plaintiff has failed to observe any such accountability under these policies over the many years of harassment.

35.

Upon information and belief, Alfred subjected at least one other female custodian to severe sexual harassment and she was also transferred to another department during the investigation into Alfred's behavior in 2021.

36.

On or around October 1, 2021, Alcantra provided a Tort Claims Notice to the District outlining the harassment and retaliation she suffered throughout the years. SKSD has not taken steps to properly investigate the allegations described in the Tort Claims Notice.

37.

SKSD, through its employees Velazquez, Bartruff, Alfred, Raines, and Hughes, intentionally created and/or intentionally maintained discriminatory work conditions as discussed above. Defendants created a culture of fear that prevented and ignored reporting and continues to perpetuate a sexually harassing work environment through its inaction.

38.

SKSD's acts as described herein were done with malice or with reckless indifference to the federally protected rights of Alcantra and/or were in reckless disregard of SKSD's societal obligations, and committed with conscious indifference to the health and safety of Alcantra.

/ / /

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

**First Claim For Relief**

**Title VII - Sex Discrimination and Hostile Work Environment – 42 U.S.C. §§ 2000e-2(a)**

**(Against SKSD)**

39.

Alcantra re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

40.

SKSD is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

41.

SKSD discriminated against Alcantra in substantial or motivating part because of her sex in one or more of the following ways:

a.  Subjecting Alcantra to sexual advances, requests for sexual conduct, and other verbal and physical conduct of a sexual nature by her direct supervisors at SKSD, Velazquez, Bartruff, and Alfred, who at all times were empowered to take tangible employment actions against Alcantra;

b.  Failing to properly investigate and/or discipline the SKSD employee(s) involved in sexual harassment against Alcantra and fialing to take prompt, remedial action;

c.  Perpetuating a hostile work environment to continue, as alleged herein.

42.

Defendant's conduct, described above, was unwelcome and was sufficiently severe or

**13 | Complaint**

pervasive to alter the conditions of Alcantra's employment and create a hostile, intimidating, and offensive work environment based on her sex. Alcantra perceived the working environment to be hostile or abusive and a reasonable woman in the plaintiff's circumstances would have also considered the work environment to be hostile. Defendant knew or should have known about the conduct described above; much of the conduct described was perpetrated by SKSD employees at the level of supervisor or higher and was open and obvious.

43.

Defendant's creation of, and/or failure to prevent, the hostile work environment for Alcantra constitutes unlawful sex discrimination, and Defendant's conduct was substantially motivated by her sex and sex-based stereotypes and constitutes unlawful sex discrimination.

44.

Alcantra suffered one or more tangible employment actions caused by the hostile work environment.

45.

As a direct and proximate result of the hostile work environment, Alcantra has suffered and will continue to suffer emotional distress, mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss which she seeks in an amount to be determined at trial.

46.

Alcantra is entitled to an order declaring SKSD in violation of the statutory rights as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause Defendant to stop its violations of law and disregard of the statutory and constitutional rights of

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

employees.

47.

Alcantra is entitled to an award of punitive damages, attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k).

**Second Claim For Relief**

**Title VII – Retaliation for Reporting Sex Discrimination – 42 U.S.C. §§ 2000e-3**

**(Against SKSD)**

48.

Alcantra re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

49.

SKSD is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

50.

SKSD retaliated against Alcantra, including involuntarily transferring her, in substantial or motivating part because of her reporting sex discrimination and/or opposition to employment practices prohibited by 42 U.S.C. § 2000e as described herein.

51.

Alcantra suffered one or more tangible employment actions caused by the hostile work environment.

52.

Alcantra realleges her damages and request for costs and attorneys' fees as stated in the

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

paragraphs above.

## Third Claim For Relief

### ORS 659A.030 –Sex Discrimination and Hostile Work Environment

### (Against SKSD)

53.

Alcantra was subjected to sexual advances, requests for sexual conduct, and other verbal and physical conduct of a sexual nature by her direct supervisors at SKSD, Velazquez, Bartruff, and Alfred, who were empowered to take tangible employment actions against Alcantra.

54.

SKSD discriminated against Alcantra in substantial or motivating part because of her sex in one or more of the following ways:

    d.   Subjecting Alcantra to sexual advances, requests for sexual conduct, and other verbal and physical conduct of a sexual nature by her direct supervisors at SKSD, Velazquez, Bartruff, and Alfred, who at all times were empowered to take tangible employment actions against Alcantra;

    e.   Failing to properly investigate and/or discipline the SKSD employee(s) involved in sexual harassment against Alcantra and fialing to take prompt, remedial action;

    f.   Perpetuating a hostile work environment to continue, as alleged herein.

55.

Defendant's conduct, described above, was unwelcome and was sufficiently severe or pervasive to alter the conditions of Alcantra's employment and create a hostile, intimidating, and

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

offensive work environment based on her sex. Alcantra perceived the working environment to be hostile or abusive and a reasonable woman in the plaintiff's circumstances would have also considered the work environment to be hostile. Defendant knew or should have known about the conduct described above; much of the conduct described was perpetrated by SKSD employees at the level of supervisor or higher and was open and obvious.

56.

Defendant's creation of, and/or failure to prevent, the hostile work environment for Alcantra constitutes unlawful sex discrimination and Defendant's conduct was substantially motivated by her sex and sex-based stereotypes and constitutes unlawful sex discrimination.

57.

Alcantra suffered one or more tangible employment actions caused by the hostile work environment.

58.

As a direct and proximate result of the sex discrimination and hostile work environment, Alcantra has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial pursuant to ORS 659A.885 and ORS 20.107.

59.

Alcantra is entitled to an order declaring SKSD in violation of the statutory rights as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause Defendant to stop its violations of law and disregard of the statutory and constitutional rights of employees.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

/ / /

60.

Alcantra is entitled to recover her costs and attorneys' fees pursuant to ORS 659A.885 and ORS 20.107.

### Fourth Claim For Relief

### ORS 659A.030(1)(f) – Retaliation for Opposing Sex Discrimination

### (Against All Defendants)

61.

Alcantra realleges the paragraphs above as if fully set forth herein.

62.

SKSD retaliated against Alcantra in the terms and conditions of her employment, including involuntarily transferring her, in substantial motivating part due to Alcantra's reporting and/or opposition to employment practices prohibited by ORS 659A.030.

63.

Alcantra realleges her damages and request for costs and attorneys' fees as stated in the paragraphs above as well as punitive damages as allowed.

### Fifth Claim For Relief

### ORS 659A.199 – Retaliation for Good Faith Complaint of Illegal Conduct

### (Against SKSD)

64.

Alcantra re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

/ / /

65.

Under ORS 659A.199 it is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to compensation or other terms, conditions or privileges of employment because the employee has in good faith reported information that the employee believes in unlawful.

66.

Defendants discriminated against Alcantra in the terms and conditions of her employment, including but not limited to moving her worksite location and subjecting her to discipline immediately after Alcantra made complaints about harassment.

67.

These actions were taken in retaliation for Alcantra opposing and reporting in good faith information that she believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

68.

Alcantra re-alleges damages as set forth above. Alcantra is entitled to attorney fees and costs pursuant to ORS 659A.885.

**Sixth Claim For Relief**

**ORS 659A.203 – Retaliation for Whistleblowing**

**(Against SKSD)**

69.

Alcantra re-alleges damages and incorporates by reference the facts and allegations set

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

forth in the prior paragraphs of this complaint.

70.

Under ORS 659A.203 it is an unlawful employment practice for any public or nonprofit employer to prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of a violation of any federal, state or local law, rule or regulation by the public or nonprofit employer.

71.

Defendant discriminated against Alcantra in the terms and conditions of her employment immediately after she made a complaint about harassment.

72.

These actions were taken in retaliation for Alcantra disclosing information about her supervisor's harassment, and reporting in good faith information that she believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

73.

Alcantra re-alleges damages as set forth above. Alcantra is entitled to attorney fees and costs pursuant to ORS 659A.885.

### Seventh Claim For Relief

### ORS 659A.030(1)(g) - Aiding and Abetting Discrimination/Retaliation

### (Against All Defendants)

74.

 Alcantra realleges the paragraphs above as fully set forth herein.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

/ / /

75.

All Defendants violated ORS 659.030(1)(g) by aiding, abetting, inciting, compelling and/or coercing one another in the discrimination and retaliation of Alcantra by their actions as described herein.

76.

As a direct and proximate result of Defendants' unlawful conduct, Alcantra has suffered damages.

77.

Alcantra re-alleges damages, costs, and attorneys' fees under as set forth in the paragraphs above.

**<u>Eighth Claim For Relief</u>**

**Assault and Battery**

**(Against all Defendants)**

78.

Alcantra realleges the paragraphs above as fully set forth herein.

79.

On multiple occasions as discussed above, Velazaquez, Bartruff, and Alfred intentionally caused Alcantra reasonable and imminent apprehension of harmful and/or offensive contact with Alcantra's body.  Alfred did, in fact, engage in intentional harmful and/or offensive contact with Alcantra's body.

80.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

Velazquez, Bartruff, and Alfred's actions were not justified or provoked and were taken with the intent to harm Alcantra's legally protected interests.

81.

SKSD is liable for Velazquez, Bartruff, and Alfred's tortious conduct discussed above because SKSD knew or had reason to know of Velazquez, Bartruff, and Alfred's offensive conduct towards Alcantra, but SKSD did not take remedial action to stop the misconduct from occurring.

82.

As a direct and proximate result of Defendants' unlawful conduct, Alcantra has suffered emotional distress in an amount to be determined at trial.

83.

Alcantra realleges damages, costs, and attorneys' fees under as set forth in the paragraphs above.

## **Ninth Claim For Relief**

### **ORS 30.198 – Crime of Intimidation**

### **(Against All Defendants)**

84.

Alcantra realleges the paragraphs above as fully set forth herein.

85.

Defendants intended to and did subject Plaintiff to fear of imminent serious physical injury because of their perception of Plaintiff's sex and/or sexual orientation in violation of ORS 30.198 and ORS 166.165.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

/ / /

86.

Defendants intended to and did subject Plaintiff to offensive physical contact because of their perception of Plaintiff's sex and/or sexual orientation in violation of ORS 30.198 and ORS 166.155.

87.

Defendants are liable for Velazquez, Alfred, and Bartruff's conduct for several reasons, including but not limited to: they were acting within the course and scope of employment, Defendants knew or had reason to know of the offensive conduct and did not take remedial or preventative action to stop the misconduct from occurring, Defendants ratified the acts, and/or were negligent in selecting or training Velazquez, Alfred, and Bartruff.

88.

As a result of the above-described contact, Alcantra suffered, continues to suffer, and will in the future suffer from embarrassment, frustration, anger, humiliation, a sense of increased vulnerability, and feelings of stigmatization, all to Alcantra's non-economic damages in an amount to be determined by the jury.

89.

Alcantra is entitled to recover costs and attorneys' fees pursuant to ORS 30.198 and ORS 20.107.

/ / /

/ / /

/ / /

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

**Tenth Claim For Relief**

**Tort of Negligent Hiring, Retention, and Supervision**

**(Against All Defendants)**

90.

Alcantra realleges the paragraphs above as fully set forth herein.

91.

Defendants knew or should have known of Velazquez, Alfred, and Bartruff's propensity to create and maintain and hostile, abusive, and unhealthy working environment, and Defendants received complaints about their behavior.

92.

Defendants were negligent in hiring, retaining, and supervising Velazquez, Alfred, and Bartruff despite knowledge that they created and maintained a hostile working environment and in condoning, creating, and/or maintaining a hostile work environment.

93.

Defendants' actions violated a legally protected interest of sufficient importance as a matter of public policy to merit protection from emotional impact and emotional distress was the foreseeable result of the violation of the legally protected interest

94.

As a result of the above-described contact, Alcantra suffered, continues to suffer, and will in the future suffer from embarrassment, frustration, anger, humiliation, a sense of increased vulnerability, and feelings of stigmatization, all to Alcantra's non-economic damages in an amount to be determined by the jury.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

95.

Alcantra is entitled to recover costs and attorneys' fees pursuant to ORS 20.107.

**Eleventh Claim for Relief**

**Deprivation of Right to Equal Protection – 42 U.S.C. § 1983**

**(Against All Defendants)**

96.

Plaintiff re-alleges damages and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

97.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. The rights protected by this provision include those of equal protection under the Fourteenth Amendment to the U.S. Constitution.

98.

SKSD denied Plaintiff her constitutional rights based on her sex as set forth above. This action was taken by Defendants for vindictive and malicious reasons and in no way pursuant to any important governmental interest that is substantially related to that interest. Further, these actions were taken by Defendants for vindictive and malicious reasons lacking any rational basis whatsoever.

99.

SKSD is liable for the deprivation of Plaintiff's Equal Protection rights because persons in

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

policy-making positions ratified the unlawful conduct knowing the basis of the unlawful conduct. Further, "an ongoing pattern of deliberate indifference raises an inference of 'custom' or 'policy' on the part of the municipality." *Thurman v. City of Torrington*, 595 F. Supp. 1521, 1530 (D. Conn. 1984).

100.

SKSD is liable for the deprivation of Plaintiff's Equal Protection rights because persons in policy-making positions, including but not limited to Defendants Raines and Hughes, ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

101.

SKSD is liable for the deprivation of Plaintiff's rights because the deprivation was pursuant to a SKSD custom, policy or practice of discriminating against women and/or discriminating against survivors of sexual harassment. SKSD has a custom, policy or practice of:

a) sex discrimination and discriminating against victims of sexual harassment;

b) not fully and adequately investigating incidents that demonstrate SKSD employees have engaged in sexual harassment;

c) not fully and adequately investigating retaliation complaints within SKSD;

d) not fully training its employees on sexual harassment;

e) fostering an environment where SKSD employees are afraid to report complaints against fellow members of the SKSD;

f) not appropriately disciplining SKSD employees for policy violations, particularly those related to reports of misconduct within SKSD and policies related to sex discrimination, thereby failing to adequately deter future policy violations.

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

g) not appropriately communicating disciplinary actions against SKSD employees, particularly those related to reports of misconduct within SKSD and policies related to sex discrimination, thereby leaving the impression that there are no consequences for policy violations.

These customs, policies, and/or practices resulted in the constitutional deprivation of equal protection under the laws.

102.

At all relevant times, Defendants were acting under color of state law, for the improper purpose of denying Plaintiff's right to equal protection as guaranteed by the Fourteenth Amendment, in violation of 42 U.S.C. §1983, and the actions alleged herein were intentional or in deliberate indifference to Plaintiff's Fourteenth Amendment rights.

103.

To the extent that Defendants Raines and Hughes were acting in their individual capacity, their conduct as described herein was intentional, willful, malicious and reckless. Plaintiff is entitled to an award of punitive damages against Hughes and Raines in their individual capacity in an amount to be determined at trial.

104.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above and is entitled to an award of attorney fees and costs incurred herein, pursuant to 42 U.S.C. § 1988.

## **JURY TRIAL DEMAND**

Alcantra demands a jury trial on all claims and issues to the extent allowed under the law.

/ / /

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204

## PRAYER FOR RELIEF

**WHEREFORE,** Alcantra requests the following judgments against all Defendants and relief according to proof:

1. Non-economic damages in an amount to be determined by a jury;

2. Punitive damages as allowed by statute;

3. Reasonable costs and attorney fees per statute;

4. For prejudgment and post-judgment interest as appropriate and allowed by law;

5. Equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

6. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

7. All such other relief as this Court may deem proper.


Dated: March 14, 2021.                    **MEYER STEPHENSON**

                                           s/ Talia Y. Guerriero
                                          _____

                                          Talia Y. Guerriero, OSB No. 115271
                                          talia@oregonworkplacelaw.com

                                          *Of Attorneys for Plaintiff Kimberley Alcantra*

MEYER STEPHENSON LLC
1 SW COLUMBIA ST, #1850
PORTLAND, OR 97204